UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| TROY HUNT, )<br>)<br>   Plaintiff, )<br>)     No. 7:19-CV-89-REW<br>v. )<br>)     ORDER<br>ANDREW SAUL, Commissioner of Social )<br>Security, )<br>)<br>   Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff neither properly initiated this case nor demonstrated service on Defendant within the Rule 4(m)-allotted time; accordingly, the Court directed Hunt to show cause why it should not dismiss this case both for failure to prosecute and for failure to timely serve Defendant. DE #10. Plaintiff has not responded, and the time permitted to do so has passed. Accordingly, the Court dismisses the case without prejudice under Rules 41(b) and 4(m).

The Rule 41(b) dismissal option "is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). District courts have "substantial discretion" in discerning whether dismissal is appropriate. *Id.* Relevant factors in the decision include: (1) whether the party's failure to act is due to willfulness, bad faith, or fault; (2) whether the party's conduct prejudiced the opposing party; (3) whether the party facing dismissal was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered prior to dismissal. *See Oleoproteinas Del Sureste, S.A. v. French Oil*

1

*Mill Machinery Company*, 202 F.R.D. 541, 545 (S.D. Ohio 2000) (citing *Stough v. Mayville Community School*, 138 F.3d 612, 615 (6th Cir. 1998)).

Plaintiff, through counsel, previously sought leave to proceed *in forma pauperis* (IFP) in this case. DE #3. The Court directed Plaintiff's counsel to supplement the motion, clarifying whether the IFP affidavit was properly signed. DE #5. When counsel failed to do so within the time allotted, the Court denied the IFP motion without prejudice. DE #5. To date, Plaintiff still has not properly sought (and been granted) IFP status, nor has he paid the requisite filing fee to properly initiate this case. Plaintiff has twice inexcusably and inexplicably ignored Court Orders—first the IFP supplementation directive, and later the Court's Show Cause Order. Such "failure to comply with court orders reflects willfulness and fault for purposes of Rule 41(b)." *Vaughn v. Saul*, No. 1:18-CV-78, 2020 WL 808598, at *2 (E.D. Tenn. Feb. 18, 2020) (collecting cases) (internal quotation marks omitted). Further—critically—the Show Cause Order explicitly warned of dismissal potential. *See, e.g.*, *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 740 (6th Cir. 2008) (observing that prior notice of dismissal potential is a "key consideration in the analysis") (internal quotation marks and citations omitted). Finally, as it relates to the fourth factor, the Court here finds apt the less-drastic sanction of dismissal without prejudice, under the circumstances. *See, e.g.*, *Lannom v. Soc. Sec. Admin.*, No. 1:18-CV-00069, 2019 WL 5101168, at *3 (M.D. Tenn. Oct. 11, 2019), *report and recommendation adopted*, No. 1:18-CV-00069, 2020 WL 70941 (M.D. Tenn. Jan. 7, 2020) (adopting "[t]he less-drastic sanction of dismissal without prejudice" and noting that "[d]ismissal without prejudice balances the Court's interest in sound judicial case and docket management with the public policy interest in the disposition of cases on their merits[]") (internal quotation marks and citation omitted).

The sole consideration weighing against dismissal is prejudice, as Defendant has not yet been served. This consideration, though, supports an alternative, cascading dismissal basis: Plaintiff's failure to serve Defendant within the time required by Rule 4(m). *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Moreover, when directed to show cause for such failure, Plaintiff did not respond or attempt to explain it. Accordingly, given Plaintiff's failure to participate in the case (including failure even to effect its proper initiation) and pattern of ignoring Court Orders, extending service time would be futile. Dismissal without prejudice is the proper result, under both relevant Rules. This matter has languished, without activity, for nearly five months, and Plaintiff has been consistently unresponsive to the Court's efforts to set it on track for resolution.

The Court thus **DISMISSES** Plaintiff's claims against Defendant **without prejudice**, for failure to prosecute under Rule 41(b) and, alternatively and additionally, for failure to effect timely service under Rule 4(m). A corresponding Judgment follows.

This the 2d day of April, 2020.

Signed By:
*Robert E. Wier*  REW
United States District Judge