UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| TROY HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 7:19-CV-89-REW |
| v. | ) | |
| | ) | ORDER |
| ANDREW SAUL, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Troy Hunt moves, pursuant to Federal Rule of Civil Procedure 60(b), for relief from the Court's Judgment and Order dismissing his case without prejudice. DE 14 (Motion); DE 12 (Judgment); DE 11 (Order). Plaintiff also requests that the Court grant his October 2019 motion to proceed *in forma pauperis* (IFP), DE 3, as updated in the instant filing. DE 14 at 6; DE 14-3 (Updated IFP Application). Defendant responded, deferring to the Court. DE 16.

The Court has discretion to relieve a party from a final judgment due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Here, Plaintiff asserts that his failure to respond to the Court's Orders, which ultimately led to the dismissal of his case on April 2, 2020, occurred because his prior attorney did not receive ECF notices to her email inbox and thus was not aware that she needed to take action in the case. *See* DE 14 at 1–2; DE 14-1. Neither Plaintiff nor his legal counsel was aware of the problem until after the case was dismissed. DE 14 at 2–3. On the record, it appears that the failure to respond to the Court's Orders was inadvertent. Further, this case is a small piece of a tapestry of currently pending procedural

1

complaints brought against Defendant by former clients of Eric Conn. Thus, Defendant will face no prejudice by reinstatement of this case.

Additionally, Plaintiff's filing addresses the Court's earlier concern regarding whether the originally-filed IFP affidavit was properly signed. Plaintiff both explains that the original affidavit was signed by counsel with Plaintiff's permission, DE 14 at 4, and submits a new affidavit, signed by Plaintiff Hunt himself. DE 14-3.

Accordingly, the Court **ORDERS** as follows:

1. The Courts **GRANTS** DE 14. The Court's Judgment (DE 12) and Order (DE 11) are hereby **SET ASIDE**, and this matter is **REINSTATED** on the active docket;

2. The Court **SETS ASIDE** its Order denying Plaintiff's Motion to proceed *in forma pauperis* (DE 6) and **GRANTS** DE 3, as updated by DE 14-3; and

3. The Court will issue a proper briefing schedule.

This the 8th day of October, 2020.

Signed By:
*Robert E. Wier*  REW
United States District Judge

2